## RESSEGIEU v. VAN WAGENEN *et al.*

Mortgage: FORECLOSURE: ILLEGAL CONSIDERATION: BURDEN OF PROOF: EVIDENCE. In an action to foreclose a mortgage against the grantee of the mortgagor, who has assumed the payment of the mortgage, and who sets up as a defense that the notes were given for intoxicating liquors sold contrary to law, and that therefore no recovery can be had thereon, the defendant has the burden of proof to establish such defense, but he fails so to do in this case.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED MAY 13. 1889.

ACTION in equity to recover the amount due on two promissory notes, and to foreclose a mortgage given to secure the payment of the same. A decree was rendered in favor of plaintiff as prayed. The defendants appeal.

*Van Wagenen & McMillen*, for appellants.

*John N. Weaver*, for appellee.

ROBINSON, J.—On the fifth day of February, 1885, N. P. and Hansine Mortensen made to plaintiff two promissory notes for $413.65 each, and to secure their payment executed a mortgage on certain real estate in the town of Rock Rapids. The Mortensens afterwards sold and conveyed the mortgaged property to defendant I. W. Van Wagenen. In the deed of conveyance was inserted a stipulation by virtue of which Van Wagenen assumed and agreed to pay the mortgage aforesaid. The defendants I. W. Van Wagenen and wife allege as a defense that the consideration of the notes in suit was intoxicating liquors sold to the Mortensens contrary to law.

I.   It appears that the notes in suit were given in payment of two other notes, one of which was secured by a mortgage on the property involved in this suit, and the other was secured by a mortgage on property in Valley Springs, Dakota. It is claimed by defendants that the original notes were given for intoxicating liquors sold by plaintiff in violation of the laws of Iowa. During a portion of the years 1882 and 1883, N. P. Mortensen was engaged in the saloon business in Rock Rapids, Iowa, and Valley Springs, Dakota. He was associated in the business with one Belfry. While they were so engaged in business plaintiff sold and shipped to them merchandise of various kinds, including considerable quantities of intoxicating liquors. The business carried on at Rock Rapids was illegal, so far as it related to the sale of intoxicating liquors, while that carried on at Valley Springs was conducted under

a license issued by proper authority, and appears to have been legal. The defendants show the sale and shipment to Mortensen of intoxicating liquors at different dates. The plaintiff testifies that all intoxicating liquors sold were paid for in cash, and that sales of such liquors formed no part of the consideration of either of the original notes. Mortensen corroborates plaintiff, and testifies that one of those notes was given for " saloon fixtures and tables," and that the other was given for borrowed money, and other legal considerations. There is some conflict between the testimony of plaintiff and Mortensen in regard to matters of minor importance, but they agree that neither note was given in whole or in part for intoxicating liquors. Defendants rely upon certain inconsistent and improbable matters of evidence in connection with the sales proven. The evidence would not be of general interest, and need not be set out. It is sufficient for us to say that in our opinion the preponderance of the evidence introduced is with the plaintiff, while the burden of proof as to the alleged illegality of the notes is upon the defendants.

II. The purchase price which Van Wagenen agreed to pay for the mortgaged property was seventeen hundred dollars, from which the amount of the notes in suit was deducted in consequence of his agreement to assume and pay them. Mortensen is not contesting the notes. It is insisted by appellee that section 1550 of the Code does not apply to cases of this kind; but we do not find it necessary to decide whether it does or not, since the conclusion we have reached on the other branch of the case is conclusive as to plaintiff's right of recovery. No objection is made to the decree in case plaintiff is found to be entitled to recover. It is therefore　　　　　　　　　　　　　　　AFFIRMED.